**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO. 5:12-CV-339 (MTT)** |
| | : | |
| **v.** | : | |
| | : | |
| **$26,625.00 IN UNITED STATES** | : | |
| **FUNDS,** | : | |
| **Defendant Property,** | : | |
| | : | |
| **GENRY ALMENAREZ-GONZALEZ,** | : | |
| **Claimant.** | : | |

**ORDER GRANTING UNITED STATES' MOTION
TO STRIKE RESPONSIVE PLEADINGS OF CLAIMANT
GENRY ALMENAREZ-GONZALEZ AND ORDER FOR
ISSUANCE OF FINAL ORDER OF FORFEITURE**

Upon consideration of the United States' Motion to Strike and for Issuance of a Final Order of Forfeiture, and the record of this case, the Court finds that good cause exists to grant Plaintiff's motion.

THEREFORE, IT IS HEREBY ORDERED that the Claim and Answer of Claimant Genry Almenarez-Gonzalez [Docs. 6 and 8] shall be stricken from this case.

The responsive pleadings of the Claimant having been stricken, the Court hereby makes the following findings of fact and conclusions of law:

1.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue is proper pursuant to 28 U.S.C. § 1395.

2.     Pursuant to a Warrant of Arrest in Rem this Court issued on August 20, 2012, the United States Marshals Service for the Middle District of Georgia arrested and seized the Defendant Property on August 27, 2012.

3.     The United States has furnished due and legal notice  of  these proceedings as required by law. The United States perfected service of process of this action on all potential claimants.

4.     The United States published notice of this action on an official government website, *www.forfeiture.gov* for at least thirty (30) consecutive days, beginning on August 28, 2012, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5.     Claimant Genry Almenarez-Gonzalez filed a timely Claim and Answer in these proceedings, asserting his interest in the Defendant Property, through his counsel, James R. Hodes, Esquire, but those pleadings have now been stricken.

6.     On January 18, 2013, the Court entered a Discovery and Scheduling Order which provided for completion of discovery by July 16, 2013, which was further extended to September 16, 2013, upon motion by Claimant's counsel.

7.     On October 29, 2013, the Court entered an Order scheduling a pretrial conference for January 16, 2014, and requesting that a joint proposed pretrial order be submitted five days prior.

8.     After the entry of the Pretrial Conference Order, the undersigned received information from Mr. Hodes indicating that he could not locate his client and planned to file a motion to withdraw from the case.

9.     On January 9, 2014, James R. Hodes, Esq. filed a Motion to Continue the case because he had not been in contact with the Claimant and requested additional time to locate his client.

2

10.     A Telephone Conference was set for January 10, 2014, as indicated by a text entry on the docket.

11.     During the Telephone Conference on January 10, 2014, James R. Hodes, Esq. informed the Court that he was unable to locate Claimant Genry Almenarez-Gonzalez. The Court advised Mr. Hodes that it would be unlikely to allow him to withdraw from the case, and to continue to try to locate the Claimant. The Court continued the pretrial conference, but the case remained on the trial calendar.

12.     A second Telephone Conference was scheduled for January 23, 2014, but was eventually reset for January 30, 2014, as indicated by the text entries on the docket.

13.     As of the date of filing this motion, the United States has not  been informed by counsel for Claimant Genry Almenarez-Gonzalez, indicating that his client has been located, and has failed to diligently defend his claim having ignored a direct order from this Court to comply with the Pretrial Order. In addition, no other claims or answers have been filed with regard to the Defendant Property, and the time for filing claims and answers has expired.

14.     There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that Defendant Property is subject to forfeiture in accordance with 21 U.S.C. § 881(a)(6).

THEREFORE, IT IS HEREBY FURTHER ORDERED THAT:

1.     All right, title, and interest in the Defendant Property is hereby forfeited to

and vested in the United States, which shall have clear title to this property and may warrant good title to any subsequent transferee.

2.     The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law.

3.     No parties shall be entitled to costs, including any costs under 28 U.S.C. §§ 2412 and 2465, nor shall the person or persons who made the seizure of the Defendant Property, nor any attorney, agent, or employee of the United States, be liable to suit or judgment on account of the seizure of the Defendant Property or prosecution of the instant forfeiture action, there being reasonable cause shown for the seizure.

SO ORDERED, this 3rd day of April, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT



PREPARED BY:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683